## EVANS *v.* HUMPHREYS.

PLEADINGS AND PRACTICE; BILLS OF EXCEPTIONS, WHEN UNNECESSARY; JUDGMENT, VACATION OF; APPEAL, DISMISSAL OF; NEW TRIAL, POWER TO AWARD AFTER APPEAL ENTERED.

1. Where on an appeal to this court in an action at law, the questions raised sufficiently appear from the pleadings and proceedings of record, a bill of exceptions is unnecessary. The purpose of a bill of exceptions is to make that of record which would otherwise not appear on the record.
2. An order setting aside a verdict and granting a new trial by implication vacates a judgment previously entered on the verdict.
3. A party appellant may properly dismiss his appeal in the lower court before the transcript of the record reaches this court.
4. A trial court has the right to order a new trial when the parties cannot agree upon bills of exceptions and the court cannot settle them according to its rules, even though an appeal was entered from the judgment immediately after it was rendered.

No. 549. Submitted October 8, 1896. Decided November 3, 1896.

HEARING on an appeal by the defendant from a judgment

on verdict in a landlord and tenant proceeding removed from a justice of the peace upon a plea of title.  *Affirmed.*

The COURT in its opinion stated the case as follows:

This suit seems to have been commenced before a justice of the peace for the purpose of the recovery of possession of certain real estate in the District of Columbia, under the provisions of the Landlord and Tenant Act in force in this District.  The plaintiff was met before the justice by a plea of title interposed on behalf of the defendant; and thereupon, in pursuance of the act, the cause was transferred to the Supreme Court of the District of Columbia to be proceeded with *de novo* in that court.

A declaration was filed, in which the plaintiff, Charles Humphreys, the appellee here, claimed to be the owner in fee simple of the property in controversy, lot A, in square No. 693, and to have been unlawfully ousted therefrom by the defendant, James Evans, on March 24, 1894; and he claimed to be entitled to the possession of the lot.  After issue joined, trial was had, and there was a verdict for the defendant upon which judgment was rendered in his favor.

The plaintiff appealed to this court.  But, as is usual, no bill of exceptions was settled at the trial; although exceptions had been duly taken and reserved.  Before the end of the term at which the judgment had been rendered, there was an order made, in accordance with the rules of the Supreme Court of the District of Columbia, prolonging the term for a period of time, not to exceed thirty days, for the purpose of settling bills of exceptions.  On the last day of the period so limited, there was another order made by the court in the case, in which it was recited that the parties had failed to agree upon a bill of exceptions and that the court was unable to settle it; and it was, therefore, ordered that the verdict in the cause should be set aside, and a new

trial directed, agreeably to Rule 56 of the court. This rule
is in the following terms:

" In case the justice is unable to settle the bill of excep-
tions, and counsel cannot settle it by agreement, a new trial
shall be granted."

Subsequently, the plaintiff dismissed his appeal by filing
an order to that effect in the office of the clerk of the Su-
preme Court of the District, no transcript having been filed
in this court, and no other step having been taken in the
matter of the appeal, other than the filing of an appeal
bond.

By leave of court, the plaintiff then filed an amended
declaration, in which he omitted to make any statement of
the extent of the estate which he claimed to have in the
property in controversy, and merely alleged that, on March
24, 1894, he, the plaintiff, was lawfully entitled to the pos-
session of the premises, and that the defendant unlawfully
and unjustly detains the same from the plaintiff; and he
claimed possession of the lot. The defendant moved the
court to vacate the order allowing the amendment and to
strike the amended declaration from the files; and for
grounds of his motion he alleged: 1st. That the rules of
the court had not been complied with, which required that
in such cases a declaration should be filed within the first
five days of the term next occurring after the appeal from
the justice of the peace, and that the declaration should
state the nature and extent of the estate claimed by the
plaintiff in the premises; 2d. That the amended declaration,
by its omissions and modifications, stated a new and differ-
ent cause of action from that stated in the original declara-
tion; 3d. That, in view of the appeal theretofore taken by
the plaintiff to this court, and which was claimed to be in
effect, notwithstanding the order which has been mentioned
dismissing the same, the Supreme Court of the District of
Columbia was without jurisdiction in the premises. This
motion was denied; and the cause went to trial; whereupon

there was a verdict for the plaintiff for the possession of the property, and damages for the intervening rent.

The defendant moved to set aside the verdict, and also filed a motion in arrest of judgment. The latter motion was based upon the theory that there was then a subsisting judgment in the case, and that the cause was out of the jurisdiction of the court and at the time pending in the Court of Appeals. Both motions were denied, and, in pursuance of the verdict, judgment was entered for the plaintiff. This judgment does not wholly conform to the declaration in the case, which claims lot A, in square 693, while the judgment is entered up for "the possession of the tenement and premises known as No. 641, situated on New Jersey avenue." It is presumed, however, that these are merely different descriptions of the same property, as no point is made either in brief or argument in reference to the apparent discrepancy.

From the judgment the defendant has appealed to this court.

*Mr. Eugene F. Arnold* for the appellant.

*Mr. Leon Tobriner* for the appellee.

Mr. Justice MORRIS delivered the opinion of the court:

It is objected on behalf of the appellee that the transcript of record filed here is defective, and that it contains no bill of exceptions on which we can review the rulings of the court below in the case. But the questions raised by the appellant do not require a bill of exceptions. The purpose of a bill of exceptions, as has frequently been stated, is to make that a matter of record which otherwise would not appear on the record. But when the questions raised already sufficiently appear from the pleadings and proceedings of record, no such bill of exceptions is necessary. *Young* v. *Martin,* 8 Wall. 354; *Clinton* v. *Missouri Pac. R. Co.,* 122 U. S. 469. Here the questions sought to be raised

are, whether, in the face of a previous judgment in the case, claimed to be subsisting and in force, the court below could proceed to a new trial and to enter another judgment; and whether, in view of an appeal from that first judgment to this court, claimed to be subsisting and pending, the court below had any power further to proceed with the cause; and further, whether an amended declaration should have been allowed to be filed; and we think that the questions are sufficiently raised by the record without a bill of exceptions.

It is argued on behalf of the appellant, that the order of the court below, rendered when it found itself unable to settle a bill of exceptions, and counsel were unable by agreement to settle it, that the verdict should be set aside and a new trial had, left the judgment entered in pursuance of the verdict in full force and effect; and that, such judgment being in full force and effect, it was not competent for the court thereafter to enter another judgment; and our decision in the case of the *Virginia Insurance Co.* v. *Bohnke*, 4 App. D. C. 371, is cited in support of that position. Undoubtedly that decision applies to this case, and the appellee's position is correct, if the first judgment in the cause was a valid, subsisting judgment when the subsequent proceedings were had. But it does not appear to us that there was any such outstanding judgment. It is true that the order of the court does not in express terms vacate the previous judgment; it only vacates the verdict and orders a new trial. Undoubtedly it would have been more regular, and the record would have been more complete, if the order had specified that the judgment as well as the verdict should be vacated; but that the effect of granting a new trial would be to set aside both the verdict and the judgment, without any specific mention of either, is the dictate of sound reason. At common law, upon trial of an issue by a jury, a judgment rendered can only be based upon the verdict of a jury; and, ordinarily, a judgment without such verdict cannot be supported.

When, therefore, a verdict has been set aside, a judgment based upon it must necessarily fall. See *Patterson* v. *Loughridge*, 46 N. J. L. 138; *Edwards* v. *Edwards*, 22 Ill. 121; *Low* v. *Fox*, 56 Iowa, 221; 16 Am. & Eng. Encyc. L., p. 674.

We must hold, therefore, that the order of the court below in this case setting aside the verdict and ordering a new trial, had the effect to vacate the judgment that had been rendered upon the verdict; and that thereafter there was no valid subsisting judgment in the case that would preclude the court from further proceedings therein.

That the court had the right to make the order to vacate the judgment, to set aside the verdict, and to order a new trial, cannot reasonably be questioned. The court has the right under the law to regulate its terms, and to extend those terms when deemed necessary; and the rule, which provided for the extension of terms for the purpose of the settlement of bills of exceptions, was a proper exercise of its authority. The extension of the term by the rule carried with it all the power and authority incidental to the subject matter of the extension—the power not only to grant a new trial, which is specifically provided by the rule, but likewise to set aside the verdict and to vacate the judgment, without which the new trial would be wholly nugatory.

But it is argued that the court below was without jurisdiction, inasmuch as the plaintiff's appeal from the judgment theretofore rendered was then pending before this court. And the case of *Walter* v. *B. & O. RR. Co.*, 6 App. D. C. 20, is cited to show the point of time at which a cause is held to be removed by appeal to this court. It is also argued that the plaintiff's order filed in the office of the clerk of the court below, directing the dismissal of his appeal, was ineffectual to produce that result, and that the dismissal should have been in this court.

Whatever be the deduction to be drawn from the theory of the common law in respect of a writ of error as withdrawing the record from the inferior court and thereby ren-

dering it impossible thereafter for the inferior court to take any step whatever in the cause until the record is returned to it from the appellate tribunal, no such result can be predicated of the mode of removing causes by appeal. While the allowance of a writ of error may be regarded as the act of the appellate tribunal, the allowance of an appeal is ordinarily and may always be the act of the court whose determination it is sought to review. And as the allowance of the appeal is by that court, it is difficult to see why the same court may not lawfully permit the party to withdraw his appeal at any time before the transcript of record has been taken out and filed in the appellate court. By the appeal, it is true, the cause is withdrawn from the cognizance of the court which rendered the judgment or decree, so that it is powerless to proceed further with the cause, except in as far as it may be necessary to conserve a fund or to take some other such proceeding to preserve the status of things instead of changing it; and the jurisdiction of the appellate court thereupon attaches. But that jurisdiction is only partial and incomplete until the transcript of record is filed in the appellate court. Then, and not till then, can it be said, in the fullest sense of the term, that the cause is there pending. Certainly until that time it is within the discretion of the appellant to determine whether he will prosecute the appeal. He may determine not to file the transcript, and thus to abandon the appeal; and he cannot be constrained to pursue a different course. And if he may do this with propriety, why may he not with equal propriety announce his intention in advance so to do by the formal withdrawal of his appeal? And what place more appropriate for the evidence of that intention than the court, or the clerk's office of the court, which is to furnish him his transcript? There would be no good purpose to be subserved by requiring him to go to the appellate court. In accordance with this we believe to have been the uniform practice in cases of appeal (see *Ward* v. *Hollins,* 14 Md. 158);

and it is not improbable that it was the intention in the law creating this court to facilitate the ends of justice in this regard by the abolition of the writ of error for the removal of causes to this court and the substitution therefor in all cases of the mode of removal by appeal.

Nor can it be justly maintained that, even while the appeal to this court was actually pending, the trial court was without authority to settle the bill of exceptions. For upon the bill of exceptions in most cases the power of review vested in this court must depend. And if the power to settle the bill is coupled, as in justice it should be, with the incidental power to award a new trial in the event of a failure of settlement, the appeal must be regarded as subject to that contingency. And the appeal was disposed of and abandoned before there was any further action by the court. When further action was undertaken by the court, there was in our opinion, neither appeal pending nor subsisting judgment; and it was competent for the court to allow amendment of the declaration and to proceed to a new trial.

Why the declaration was amended, the record does not disclose. But we cannot regard the amendment as setting up a cause of action different from the original declaration. The cause of action is the same in both. The suit is for the possession of certain real estate to which the plaintiff claims to be lawfully entitled, but which the defendant unjustly withholds from him. The amended declaration, it is true, is very meagre, and we cannot commend it as a model pleading in such cases. But we are satisfied that it states a cause of action, and the same cause of action as the original declaration, which is the right of the plaintiff to the possession of the real estate therein mentioned against the wrongful withholding thereof by the defendant; and its omissions and defects, as contrasted with the requirements of the rules of the court, if such omissions and defects there be, are such as ordinarily are curable by verdict, and must be held to have been so cured in this case.

On the whole, we find no such error in the record as would justify a reversal of the judgment. Accordingly the judgment must be *affirmed with costs; and it is so ordeeed.*