## GRAZIANI v. ARUNDELL et al.

(Court of Appeals of District of Columbia. Submitted December 6, 1923. Decided June 2, 1924.)

### No. 3965.

1. **Vendor and purchaser ⬦⇒37(1)—Purchaser, who inspected premises, cannot rely on misrepresentations.**

Where purchaser, undertaking to inspect premises, was not prevented from making a full inspection, he was bound by his inspection, and cannot be heard to say that he relied on representations of vendor's agent as to number of rooms on second floor.

2. **Vendor and purchaser ⬦⇒81—Purchaser's right to recover payments made held question for jury.**

In purchaser's action to recover payments made, submission to jury of question of plaintiff's right to recover, according as they might find the agreement under which the money was paid, *held* proper.

3. **Appeal and error ⬦⇒670(2)—Court of Appeals disposes of case on bill of exceptions as settled in trial court.**

The Court of Appeals will not determine on conflicting affidavits what happened at the trial below, but will dispose of the case on the bill of exceptions as settled in trial court.

Appeal from the Supreme Court of the District of Columbia.

Suit by John Graziani against Charles Rogers Arundell and others. Judgment for defendants, and plaintiff appeals. Affirmed.

H. S. Barger, of Washington, D. C., for appellant.

Frederick Stohlman, of Washington, D. C., for appellees.

Before ROBB and VAN ORSDEL, Associate Justices, and BARBER, Judge of the United States Court of Customs Appeals.

BARBER, Acting Associate Justice. Suit was brought by Graziani, plaintiff below, appellant here, against Arundell et al., to recover $1,500; $300 of this was a deposit paid upon a written contract dated September 14, 1920, between plaintiff and Arundell, by the terms of which plaintiff agreed to purchase of Arundell real estate at 1636 R Street, Northwest, in the city of Washington. The $1,200 was paid by plaintiff under the circumstances hereinafter stated. The contract of purchase, as to the validity of which no question is made, provided that, if the deal was consummated within 90 days, the $300 should be applied as part payment of the agreed purchase price of the property, but if the plaintiff, without legal excuse therefor, did not perform on his part, the $300 was to be forfeited.

The material part of plaintiff's testimony on direct examination was to the effect that the day before the contract was made he went to the offices of Harry Wardman in the city of Washington, inquiring for business property with living rooms upstairs, and was informed by one Costaggini, a salesman representing Arundell, that the property at 1636 R street was listed there for sale; that on the following day plaintiff and Costaggini went to the place for the purpose of inspecting the property; that plaintiff then inspected the entire first floor, including storeroom, yard and garage, and the dining room and bath on the second floor, but was refused inspection of the third floor, because it was occupied by another tenant, who was away; that at that time Costaggini told him that there were five rooms and a bath on the second floor, and five rooms and a bath on the third floor, to which he replied that, if that were so, he would buy the property, to which Costaggini replied, "Yes;" that they thereupon returned to Wardman's office, and the contract in question was executed and the $300 paid; that shortly afterward plaintiff requested Costaggini to obtain possession of the property for him, to have the rental agreement covering the premises transferred to Wardman, and a notice to vacate served upon the tenant in possession; that Costaggini told him that the owner would not give such notice to the tenant, unless an additional deposit of $1,200 was paid, but would do so if it was paid; that thereupon he paid an additional deposit of $1,200, receiving a receipt therefor of the following tenor: "October 8, 1920. Received from John Graziani twelve hundred dollars, add. deposit on account of purchase 1636 R St., N. W.;" that some 35 days after signing the contract, the tenant in possession having vacated, the plaintiff inspected the second floor of the premises, and found but three rooms and a bath there, and three rooms and a bath on the third floor; that thereupon he immediately went to Wardman's office and demanded the return of his deposits, made on account of the purchase of the property; and that he believed and relied upon the representation and statement of Costaggini as to the number of rooms on the second and third floors, and would not have entered into said contract of purchase, had he not believed and relied upon the same.

On cross-examination plaintiff testified that when he first inspected the property he saw on the second floor only the dining room and bathroom; that he did not visit the place again until some 35 days after he signed the contract, at which time he could only say there were but three

rooms on the second floor; that he did not then, and never had, inspected the third floor, but was told it was similar to the second floor; that the $1,200 additional deposit was made to apply on the purchase price at the time of settlement, and was given for the purpose of having the lease of the premises transferred to Wardman, and having a notice served on the tenant to obtain possession; and that no guaranty of possession was given him. Plaintiff gave no reason for not fully inspecting the second floor before the contract was signed, or for not inspecting the third floor when he was on the property at his second inspection.

It was stipulated in open court that the owner tendered to plaintiff a properly executed deed conveying the property to him within the time therein provided for in the contract of sale. There was no claim on the part of the plaintiff that the owner was not able to convey good title, or that the tendered deed did not comply with the contract. There was but little difference in most details between the testimony of plaintiff and that of Costaggini, who was called as a witness by Arundell; but he testified that when they inspected the premises, the day the contract was made, Graziani had an opportunity, so far as he knew, to go into all the rooms on the second floor; that the witness then personally did so; that he at no time told Graziani that there were five rooms and a bath on both the second and third floors; that before the $1,200 was paid he told plaintiff that the owner was not willing to notify the tenant to vacate on a deposit of $300, because he might thereby lose both the sale and the tenant; that when the $1,200 additional was paid it was understood that it would apply on account of the purchase money, "and be governed by the terms of the written contract"; and that no written notice to quit was ever served on the tenant.

The wife of the tenant of the first two floors testified that she remembered having seen Graziani, who with Costaggini called to see the premises; that she never refused any one the privilege of inspecting the first and second floors, but did not know whether Graziani saw the entire second floor or not, because she did not go there with them. Another witness on behalf of the defendant testified that he had lived on the premises some 15 years, and was familiar with the same; that there were four rooms and a bath on the second floor and five rooms and a bath on the third floor. There was no other testimony as to the number of rooms on the third floor.

[1] At the close of the testimony, of which the foregoing is all that is necessary of consideration, both parties moved for a directed verdict. After hearing arguments on the same, the court took a recess until the following day, at which time the trial judge stated that he would direct a verdict for the defendant as to the $300, and submit to the jury the question of the plaintiff's right to recover the $1,200; that as there had been no evidence on the part of the plaintiff as to the number of rooms on the third floor, and the defendant's uncontradicted evidence tended to show that there were in fact five rooms and a bath on that floor, the material question was as to whether under the evidence, there was any misrepresentation as to the number of rooms on the second floor, and as to that the plaintiff, having undertaken to inspect the same, and not having been prevented by defendant or his agent from making a

full inspection thereof, was bound to be governed by such inspection, and could not be heard to say that he relied upon the representations of the defendant's agent as to the number of rooms on the second floor. The verdict as to the $300 in favor of the defendant was directed upon this theory, to which the plaintiff duly excepted. That the court below correctly stated the law on this issue is well settled. Southern Development Co. v. Silva, 125 U. S. 247, 8 Sup. Ct. 881, 31 L. Ed. 678; Shappirio v. Goldberg, 20 App. D. C. 185, affirmed in 192 U. S. 232, 24 Sup. Ct. 259, 48 L. Ed. 419.

[2] As to the $1,200, the court submitted to the jury the right of the plaintiff to recover the same according as they might find the agreement under which it was paid. As to that the verdict was for the defendant. In submitting this issue the court told the jury that the plaintiff's claim was that it was paid under an oral agreement for the transfer of the lease of the premises to Wardman, for the giving of the notice to vacate, and for getting possession of the property, none of which things has been accomplished; that the defendant's claim was that the $1,200 was paid under the terms of the original agreement, by which it was to be forfeited if the plaintiff did not carry out his contract.

[3] In this connection the court told the jury that Costaggini had testified that the $1,200 payment "was to be governed by the terms of the written contract." To this statement of the evidence plaintiff excepted, on the ground that Costaggini had not so testified. The plaintiff filed in the court below affidavits tending to show that such was not Costaggini's testimony, and counter affidavits tending to show that he did so testify were also filed, all of which are incorporated in the record, and exception was taken to the action of the court in including such quoted testimony in the bill of exceptions. The plaintiff insists that the court erred in allowing the bill of exceptions to contain such testimony, and asks us to strike the same from the record.

This we are without authority to do. Kelly v. Moore, 22 App. D. C. 1; Patterson v. United States, 38 App. D. C. 11; Ray v. Smith, 17 Wall. 411, 21 L. Ed. 666. The futility of undertaking in this manner to correct a bill of exceptions is well illustrated here, when we perceive that, to do so, this court must determine upon conflicting affidavits what happened at the trial below. Such is not our function, and we dispose of the case upon the bill of exceptions as settled in the trial court.

As to the $1,200, the right of plaintiff to recover depended upon the terms of the agreement under which it was paid, and whether the defendant had breached the same. This question was submitted to the jury, as it ought to have been. To the manner of its submission, excepting the statement of Costaggini's testimony, already disposed of, no exception was taken, and the adverse verdict of the jury settled against the plaintiff his right of recovery therefor.

The result is, therefore, that the judgment below is affirmed, with costs.

Motion for rehearing denied June 14, 1924.