## LAZELLE v. NORFOLK & W. RY. CO.
### No. 6427.

Circuit Court of Appeals, Sixth Circuit.

Nov. 14, 1934.

Harry Clark, of Cleveland, Ohio (Bernsteen & Bernsteen, of Cleveland, Ohio, Edward M. Ballard, of Cincinnati, Ohio, and M. L. Bernsteen and J. E. Mathews, both of Cleveland, Ohio, on the brief), for appellant.

H. T. Bannon, of Portsmouth, Ohio (Hollister & Hollister and Ralph E. Clark, all of Cincinnati, Ohio, on the brief), for appellee.

Before HICKS and SIMONS, Circuit Judges, and TAYLOR, District Judge.

SIMONS, Circuit Judge.

The suit below was brought by the appellant under the Federal Employers' Liability Act (45 USCA § 51 et seq.), for injuries alleged to have been received during the course of his employment through the railroad's negligence. The factual issues in respect to negligence, and its causal relation to the injury, were submitted to the jury in instructions to which no exception was taken, and with which the appellant was wholly satisfied. The only questions raised relate to the admission and exclusion of evidence.

The facts are not involved. Lazelle was employed by the railroad as a "back-up" conductor, to switch or shift passenger cars in and around its depot at Columbus, Ohio. For that purpose he had charge of an engine manned by an engineer and fireman, but was without a brakeman. Upon the night of the accident employees of the railroad had brought in a Pennsylvania Company Pullman car, which was to become part of a Norfolk & Western train. The train was already ten minutes late, and there was need of haste in uncoupling and adjusting the air brake hose. The Norfolk & Western crew being unable to adjust the coupler because of its unfamiliar type, Lazelle went to the end of the coach, between it and the engine, took a hammer from one of the men, and began to hammer the clamp on the air hose. While so engaged he was burned by a jet of live steam issuing from an open steam line at the rear of the coach.

The negligence complained of is the act of the defendant's inspector in turning on the live steam without first closing the rear valve on the passenger car. The defense was that Lazelle had no duty in connection with the air line, because the rules of the company put the responsibility for making air hose connections upon the inspector; that the rear valve of the steam line is frequently left open for drainage purposes, and that Lazelle knew of this practice; that if he had looked he would readily have seen that the air valve was open; and that in any event if he had followed the approved practice of making the coupling it would not have been necessary for him to be at the rear of the car using a hammer. To meet these defenses the plaintiff introduced evidence to show that Lazelle, being without a brakeman, was obliged to do some of the work of a trainman; that there was custom or usage long acquiesced in by the railroad, permitting trainmen to make the air coupling; that hammering the clamp was a usual step in such coupling; and that owing to repairs under way at the depot, a number of tracks were blockaded with a resulting need of haste in getting trains out of the way on the open tracks.

■■ The first assignment of error is in respect to the admission into evidence of Exhibit A, which is a book of rules adopted by the railroad and approved by the American Railway Association, for the Maintenance of Brake and Train Air Signal Equipment, with specific reference to a rule entitled "Terminal Train Brake Tests," which recites: "Foremen of inspectors, and inspectors, are jointly responsible for the condition of the air brakes and train air signal equipment on cars leaving their station." At the time Exhibit A was identified, Lazelle denied ever having received the book of rules. When confronted with his signed receipt therefor, and questioned again with respect to it, there was objection, but the court was not apprised of the ground upon which objection to the receipt was based. At the conclusion of the evidence, when exhibits including Exhibit A were offered, there was a general objection to their admission, and an exception. That general objections will not save questions for review is too well settled in this court to require exposition. Aetna Insurance Co. v. Licking Valley Milling Co., 19 F.(2d) 177 (C. C. A. 6). Aside from this, the rule was already substantially in evidence through the plaintiff's witnesses, and his own testimony, and the evidence introduced to show its abrogation by usage or custom is itself corroborative of its existence and application.

■ The second assignment relates to the admission of Exhibit C, which is a supplement to the American Railway Association rules regarding air brake equipment, and details the sequence of operations to be performed by trainmen or inspectors in relation to the coupling of the air hose. The general objection to the receipt of this exhibit was likewise insufficient to save any question with respect to it for review. Complaint is also made of the exclusion of Plaintiff's Exhibit 1, which was a written instruction to the yardmaster and back-up conductors with respect to the need of haste in clearing the open tracks. In so far as it is claimed that these instructions justified violation of the rules in making air hose connection, there is nothing therein which expressly or by reasonable inference supports the contention; but even if so, its exclusion was not prejudicial because

the court clearly put to the jury the plaintiff's contention with respect both to the general and the specific necessity at the time for getting trains out of the depot as promptly as possible. Its instructions on this and other issues had the plaintiff's express and complete approval.

In so far as it is urged, generally, that the uncontradicted evidence establishes the negligence of the defendant, it would be sufficient to say that no ruling was asked below, and no question is reserved here, on this ground, either by objection, exception, or assignment of error, and we are not asked to reverse for plain error apparent upon the face of the record. To this we add, however, that the plaintiff could have preserved his right to review by motion for peremptory instructions upon the question of negligence, reserving for submission to the jury the question of damages. This the plaintiff did not do. He cannot speculate upon the verdict and then seek review here of questions not raised below.

Judgment affirmed.