## KLINGSTEIN v. THOMAS CIRCLE CAFÉ.

### No. 6856.

United States Court of Appeals for the District of Columbia.

Decided Aug. 9, 1937.

H. P. Long, and D. L. Grantham, both of Washington, D. C., for plaintiff in error.

George C. Vournas and W. Cameron Burton, both of Washington, D. C., for defendant in error.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, GRONER,' and STEPHENS, Associate Justices.

STEPHENS, Associate Justice.

In this case the plaintiff brought suit upon a promissory note. He introduced the note in evidence. On its face it purported to have been executed by the defendant as maker in favor of the Southern Neon Company as payee, and it bore a purported endorsement by the payee to the order of the plaintiff. Its execution by the defendant was not disputed. Testifying in his own behalf, the plaintiff stated that: He purchased the note from the payee before maturity and for value; the payee was a partnership and the endorsement on the note was made on the date it bore by one of the partners in the presence of the plaintiff; except for two monthly installments which were credited on the note, the same remained due and unpaid. The date of endorsement was prior to the date of maturity.

Counsel for the defendant cross-examined the plaintiff with the object of developing that the plaintiff was a partner in the Southern Neon Company, and that that Company had taken the note in payment of the purchase price of a neon sign sold to the defendant under a contract of sale providing for service, and that the defendant had had trouble with the sign and had been unable to get service; that is to say, the defendant attempted to show that the plaintiff was really a party to the note and that, therefore, as between the plaintiff and the defendant, failure of consideration was a defense. The cross-examination was, however, negative in its result. The plaintiff denied that he was a partner in the Southern Neon Company, and asserted that while he had knowledge of the terms of the contract of sale of the sign, he knew nothing at the time he purchased the note of the defendant's having had trouble with the sign, or of failure on the part of the Company to furnish service.

On redirect examination the plaintiff testified that he was not in the sign business but in the restaurant business, and that his only connection with, or interest in, the Southern Neon Company was such as arose from his having purchased some of its notes; and he testified that the first knowledge that he had had of the defendant's claimed trouble with the sign and inability to obtain service was about two months after he purchased the note, when the defendant refused to make further payments on it to him.

The plaintiff then rested, and the defendant moved that the court find for the defendant on the plaintiff's evidence. The trial judge reserved decision on this motion—to give the plaintiff's counsel an opportunity to submit a brief—and stated that he would hear the defendant's case in order that he might decide the whole case *in the event that he finally overruled the motion.* Thereupon the defendant called and examined two witnesses, but their testimony was not made a part of the bill of exceptions. In this connection the bill of exceptions contains the statement: "(Thereupon the defendant put on two witnesses, but the proceedings thereon are omitted from this bill of exceptions *as having no bearing on the ruling on the motion to direct a finding.*)" [Italics supplied]

After further proceedings not here material, the case was submitted and counsel were directed to file briefs within a given time upon the motion to direct a finding for the defendant on the plaintiff's case. Briefs were filed, and thereafter the court directed that a finding be entered for the defendant on the plaintiff's case, and the finding was entered in the following terms: "'Come now the parties hereto, and thereupon *at the close of the plaintiff's case,* the Court finds for the defendant.'" [Italics supplied] The plaintiff thereupon filed a motion for a new trial, and this was heard and taken under advisement and thereafter overruled by the court, and a new trial was denied. Proper exceptions were entered for the plaintiff. Judgment was then entered in the defendant's favor.

The bill of exceptions embodying the foregoing recites: *"The foregoing are all of the matters and things bearing upon the exceptions herein reserved on behalf of the plaintiff."* [Italics supplied]

The contention of the plaintiff on this appeal is that by the testimony set forth above and by the introduction of the note he had established a *prima facie* case of liability of the defendant thereon. The plaintiff's contention is valid, and the defendant does not seriously contend that the trial court was correct in ruling that the plain-

tiff had not, on his evidence alone, made a *prima facie* case. But the defendant urges that even if the court's ruling that the plaintiff had failed to establish a *prima facie* case was, as such, erroneous, nevertheless it was the duty of the plaintiff to show by the record on appeal, including the bill of exceptions, that the erroneous ruling was, on "the entire case," including the testimony for the defendant, prejudicial; and this burden, the defendant insists, the plaintiff did not bear for the reason that he omitted from the bill of exceptions the testimony of the defendant's two witnesses. Further spelling out his position, the defendant asserts that since the plaintiff did not include within the bill of exceptions the evidence introduced by the defendant, this court must, on appeal, presume that the judgment of the trial court was on "the entire case" justified. Says the defendant in its brief:

"Assuming for the sake of argument that an error might be imputed had there been a finding for defendant at the end of plaintiff's case, no such error did occur since the court heard the entire case while reserving its decision on plaintiff's motion. How can it be urged upon this court that an error was committed by the lower court when the entire evidence upon which the lower court based its findings is not before it on appeal? . . ."

The defendant's contention is without merit. The fallacy in it is an assumption that "the entire evidence upon which the lower court based its findings is not before . . . [this court] on appeal." This is contrary to the record. The record, as above reviewed, quoted and italicized, affirmatively shows that although the trial judge heard the testimony of the two witnesses called by the defendant, he considered in making his finding for the defendant only the plaintiff's case. The defendant urges that:

"The last act of the lower court involved the disposition of plaintiff's motion for a new trial. At that time the court had before it the entire case upon which it is presumed to have disposed of that motion and of the case."

Again the assumption is made that "the entire case" upon which the trial court ruled included the testimony for the defendant.

We are bound on appeal by the bill of exceptions as authenticated by the trial judge. Clawans v. District of Columbia (1937) 67 App.D.C. 58, 89 F.(2d) 802. We cannot presume that the ruling of the trial court was justified by evidence which the trial judge himself has declared had no bearing upon the ruling. We can review only the trial court's ruling, and we can indulge no presumptions with respect to the effect thereon of testimony which the trial judge did not consider in respect of his ruling.

The plaintiff made a *prima facie* case and the trial court should have so ruled, and should then have decided the case on all of the evidence.

The judgment is

Reversed and the case remanded for further proceedings in accordance herewith.

Judge VAN ORSDEL took no part in the decision of this case.