## DISTRICT HAULING & CONSTRUCTION CO., Inc., v. ARGERAKIS.

### No. 81.

Municipal Court of Appeals for the District of Columbia.

June 16, 1943.

Paul J. Sedgwick, of Washington, D. C., for appellant.

Earl H. Davis, of Washington, D. C., for appellee.

Before RICHARDSON, Chief Judge, and CAYTON and HOOD, Associate Judges.

CAYTON, Associate Judge.

The action below was for damages growing out of an automobile collision. Verdict and judgment were for plaintiff, and defendant appeals, contending (1) that the evidence does not support the verdict and (2) that the case was submitted to the jury on an erroneous theory of damages. Defendant made no motion for an instructed verdict and did not object to the charge. He raised both questions for the first time in a motion for new trial.

We think the points were not made timely and that there is nothing properly before us for review.[1] As we said in Meyer v. Capital Transit Company, D.C. Mun.App., 32 A.2d 392: "One cannot take his chance on a favorable verdict, reserving a right to impeach it if it happens to go the other way."

---

[1] Depina v. United States, — U.S.App.D.C. —, 137 F.2d 673, decided June 4, 1943.

To insure fair play and orderly trial procedure, counsel in jury trials must make their objections known plainly and while there is still opportunity for the trial judge to correct erroneous rulings and prevent submission to a jury upon insufficient evidence or an improper theory of the case.[2]

We emphasize that this is no mere technical rule and no harsh technique conceived in a spirit of legalistic strictness. It is based on the salutary principle that error shall not be charged to a trial judge, or parties subjected to the unreasonable penalty of a new trial because of failure of counsel to present his objections in due time or because for some other reason he elected to have the case submitted for jury decision. Stated otherwise, counsel having gambled on the jury's verdict and lost, cannot be permitted to make the motion for new trial a vehicle for asserting objections retroactively or for grounding an appeal on a theory never presented during the trial.[3]

We do not forget that in some criminal cases and less often in civil cases, errors may be so flagrant and fundamental, or such as cannot be corrected at the trial, that an appellate court will exercise its powers to prevent injustice.[4] This is not such a case.

Consequently, the refusal of a new trial is the only matter left for our review. But it is well settled that such ruling will not be disturbed except for an abuse of discretion;[5] and none is shown here.

Appellant complains that the trial judge erred in failing to settle the statement of proceedings and evidence according to the rules, erred in "holding the appeal from proceeding according to the rules an unreasonable time", erred in settling a second statement of proceedings and evidence, and in overruling appellant's motion to set aside the verdict, filed while the appeal was in course of preparation. This motion was never formally ruled upon but seemingly was disposed of by the approval of the statement of proceedings and evidence.

The record comes to us in a very unsatisfactory state. In it we find included plaintiff's objections to statement of proceedings and evidence; plaintiff's particulars of objections to statement of proceedings and evidence; plaintiff's objections to substituted statement of proceedings and evidence. We cannot consider any of these papers, for they have no place in the record. Our decision is based, as it must be, upon the statement of proceedings and evidence as approved by the trial judge.[6] We cannot decide disagreements between court and counsel as to what happened at the trial but must generally accept as correct the statement of proceedings and evidence, properly settled and approved by the trial judge.[7]

That there were long unreasonable delays in the preparation and prosecution of this appeal, there seems to be little doubt, for a year has elapsed since the date of the trial. The motion for new trial was kept under advisement for more than two months. Judgment was entered on August 4, 1942, and the notice of appeal was filed in due time. By authority of our Rules 27 (h) and (i), the trial court extended for ten days the time for filing the statement of proceedings and evidence and for five days the time for filing objections thereto. This last action was taken on October 8, 1942.

Then followed a singular and completely unexplained disregard of our Rule 27(p) which provides in part: " * * * There shall be no enlargement of the time for taking any of the other steps above enumerated, except by this court, or a judge thereof, and for extraordinary reasons."

No application for extension of time was ever presented to us, and the record was not filed here until more than six months after it was due. Nor during all of that time did appellee move, as he might have done, for a dismissal of the appeal.

In the interest of orderly dispatch of court business, we cannot condone the par-

---

[2] Giannone v. Reale, 333 Pa. 21, 3 A. 2d 331; Saar v. Saar. 143 Pa.Super. 528, 17 A.2d 745; Shannon v. Shaffer Oil & Refining Co., 10 Cir., 51 F.2d 878, 78 A.L.R. 851.

[3] Pennsylvania R. Co. v. Minds, 250 U.S. 368, 39 S.Ct. 531, 63 L.Ed. 1039.

[4] New York Central R. Co. v. Johnson, 279 U.S. 310, 49 S.Ct. 300, 73 L.Ed. 706; Bogileno v. United States, 10 Cir., 38 F. 2d 584; Lewis v. United States, 146 U. S. 370, 13 S.Ct. 136, 36 L.Ed. 1011;

Reagan v. Aiken, 138 U.S. 109, 11 S.Ct. 283, 34 L.Ed. 892.

[5] Ecker v. Potts, 72 App.D.C. 174, 112 F.2d 581; Atlantic Greyhound Lines v. Keesee, 72 App.D.C. 45, 111 F.2d 657.

[6] Heslop v. Grahame, D.C.Mun.App., 31 A.2d 856; Graziani v. Arundell et al., 55 App.D.C. 21, 299 F. 886; Klingstein v. Thomas Circle Cafe, 68 App.D.C. 5, 92 F.2d 554; Marvin's Credit, Inc., v. Hall, 76 U.S.App.D.C. 95, 129 F.2d 57.

[7] See cases cited under footnote 6.

ticularly flagrant disregard of court rules which stands out so plainly in this case. The purpose of Congress in creating this court and of the rules we promulgated by authority of the statute was to provide litigants an appeal of right with a simple, expeditious, inexpensive procedure. That purpose will be thwarted if rules are disregarded, limitations of time ignored and appellate records and briefs prepared and presented here at counsel's own convenience.

Undoubtedly trial judges should give prompt attention to settling statements of proceedings and evidence while their recollection of the evidence is still fresh, and within the time limited by rule. But the primary responsibility for prosecuting an appeal necessarily rests upon an appellant. He must bring up a completed record and guard against time lapses which may result in dismissal. Here the appeal was subject to dismissal, but since appellee filed no motion to dismiss, it has seemed wiser to consider the merits of the case.

Affirmed.