**CROWDER v. LACKEY.**

No. 349.

Municipal Court of Appeals for the
District of ·Columbia.

Decided April 17, 1946.

Rehearing Denied May 2, 1946.

See, also, 44 A.2d 223.

Garfield C. Thompson, of Washington,
D. C., for appellant.

Goldie S. Paregol, of Washington, D. C.,
for appellee.

Before CAYTON, Chief Judge, and
HOOD, Associate Judge.

HOOD, Associate Judge.

Plaintiff brought an action for possession
of real property alleging that rent for the
premises had not been paid for the period
of December 1, 1944, to November 1, 1945.
In his answer defendant admitted nonpay-
ment of this rent but alleged that it had
been tendered each month and refused by
the plaintiff, and that plaintiff ought not
now be permitted to take advantage of her
refusal to accept payment by seeking to ob-
tain possession. Defendant filed a demand
for jury trial with his answer.

On the return day, defendant objected
to going on with the action because a suit
for possession of the same premises, in-

stituted four months before this action and involving rent for the shorter period, was still pending. Upon motion of plaintiff, the prior suit was dismissed without prejudice and the court proceeded with the instant case. The defendant having alleged that rent had been refused, the court inquired if defendant was ready to renew the tender. Defendant refused to do so, and the court ordered judgment for plaintiff. Four days later defendant moved to vacate the judgment and the same day filed a petition for a writ of prohibition in the United States Court of Appeals for the District of Columbia. While the petition was still pending in the latter court, the trial court overruled the motion to vacate and this appeal was taken.

Defendant asserts that the trial judge erred in granting judgment for plaintiff without proceeding to trial, in failing to grant a jury trial, in dismissing the prior suit on plaintiff's motion, in proceeding with the case while the petition for writ of prohibition was pending in the United States Court of Appeals, and in overruling defendant's motion to vacate the judgment after a hearing in chambers. We think that the rulings of the trial court in these respects were correct.

■ With regard to the first two errors claimed, defendant was not entitled to a trial on the merits unless a material issue of fact was presented. He asserts that such an issue was raised by his statement that plaintiff had previously refused tender of the rent and plaintiff's denial of this allegation. But the immateriality of this issue is seen in the subsequent events. At the hearing defendant refused to tender the rent at the court's request on the ground that plaintiff, by her previous refusals, had waived her right to the rent money. At this point the court properly gave judgment for the plaintiff. Whether plaintiff had refused the rent previously was unimportant in the light of the fact that defendant's tender was not a continuing one. Coghlan v. South Carolina R. Co., C.C.D.S.C., 32 F. 316, affirmed 142 U. S. 101, 12 S.Ct. 150, 35 L.Ed. 951. The contention that prior refusals would constitute waiver cannot stand. As the rent fell due it became a debt which the tenant was bound to pay unless the parties entered into a contrary agreement supported by consideration. No consideration is shown in this case. The effect of defendant's assertion would be that he could re-

main in possession without charge. This, however, could only be accomplished by an agreement to that effect with his landlord and such an agreement is not claimed nor is consideration for it present. Occidental Real Estate Co. v. Gantner & Mattern, 7 Cal.App. 727, 95 P. 1042. As pointed out in Davis v. Taylor, 51 App.D.C. 97, 276 F. 619, the defendant had a right to defeat the action for possession by tendering the rent at the hearing. This he chose not to do.

■ Dismissal of the prior action on plaintiff's motion likewise did not constitute error. The defaults alleged in the two actions are for different periods and if there had been a judgment for the defendant in the first case, it would not have prevented plaintiff from maintaining a second suit for possession, based on nonpayment of rent for the later period and commenced under a later notice to quit. The plaintiff could not, of course, have insisted on proceeding with both actions in order to better her chances to obtain a judgment for possession. The granting of her motion to dismiss the prior suit at this point, however, did not prejudice any rights of defendant.

■ With respect to the contention that proceedings in the trial court should have abated until a ruling was made by the United States Court of Appeals on his petition for a writ of prohibition, suffice it to say that the efficacy of that remedy lies in the writ, not in the petition for it. Since the petition was later denied and the writ never issued, it could have no effect on the proceedings in the trial court.

■ Defendant bases additional assignments of error on the ground that the prior action was res judicata as to this one and that a motion granted or denied in the previous suit must receive the same treatment in the present case. We think this assertion is invalid. The issues raised in the earlier action were not finally adjudged because that action was dismissed without prejudice.

"Rulings and decisions in the course of an action which is finally dismissed without prejudice adjudge nothing, because the final judgment by its terms is that nothing has been adjudicated and this fact is the only res adjudicata. Such a judgment determines that the parties are left as free to litigate every issue in the action dismissed as they would have been if it had never been commenced." Harrison v. Reming-

ton Paper Co., 8 Cir., 140 F. 385, 399, 3 L.R.A.,N.S., 954, 964, 5 Ann.Cas. 314, certiorari denied 199 U.S. 607, 26 S.Ct. 747, 50 L.Ed. 331.

Finally, defendant asserts that the trial judge heard and denied his motion to vacate while in chambers and that the ruling is therefore invalid. The record does not show that the proceeding took place in chambers, but, even if it did, the defendant should have made known his objection at that time to the trial court. Being raised here for the first time, the objection comes too late. District Hauling & Construction Co., Inc., v. Argerakis, D.C.Mun.App., 34 A.2d 31.

Affirmed.