## GEIGER v. MASSACHUSETTS BONDING & INS. CO.

No. 361.

Municipal Court of Appeals for the District of Columbia.

May 22, 1946.

Philip Wagshal, of Washington, D. C., for appellant.

Richard W. Galiher, of Washington, D. C. (Henry I. Quinn, of Washington D. C., on the brief), for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CAYTON, Chief Judge.

Plaintiff, as executor of the estate of Richard Schmidt, deceased, sued defendant insurance company to recover $473.32, of which $450 was for accidental death and $23.32 for accrued disability payments. At the trial defendant conceded liability for $23.32 covering the disability claim but made such concession without prejudice to the denial of liability for the larger amount on the death claim. Such claim was contested on the ground that death had not resulted "from bodily injuries caused solely and exclusively by external, violent and accidental means" as provided in the policy. The verdict of the jury was for plaintiff for $23.32 and disallowed the claim of $450. Plaintiff appeals.

Plaintiff's evidence disclosed that January 19, 1943 was a day marked by extremely high winds. Decedent, a man of sixty-one years, was walking home from the Heurich Brewing Company where he was employed as a watchman when the wind threw him to the sidewalk, resulting in a fracture of the neck of the right femur. He was taken in an ambulance to Emergency Hospital where he remained nine days; thence he was removed to Gallinger Hospital where he died fifteen days later.

Plaintiff called as a witness a physician who had been in charge of Gallinger Hospital at the time decedent was a patient there. He said he had made a detailed study of the patient's records at both Emergency and Gallinger Hospitals. Based upon said records and the nature of the injury sustained he gave it as his opinion that the "proximate and exciting cause" of death was the injury sustained in the fall; that the second cause was generalized arterio-

sclerosis, and the third, congestive heart failure. The trial judge then called the doctor's attention to a letter he had written to plaintiff in which he had given the causes of death in inverse order to that he had just given. Responding to the judge's question, the doctor said that "he stands upon said letter" and that the death was not solely the result of the injury sustained by decedent when he fell to the sidewalk. He also testified generally as to the incidents and effects of arteriosclerosis and the comparative life expectancy of persons suffering therefrom.

Plaintiff having rested his case, defendant moved (out of the presence of the jury) for an instructed verdict. The trial judge indicated that he thought the motion was well taken but that he would be willing to reopen the case to give plaintiff's counsel an opportunity to produce additional evidence. Plaintiff himself having left the courtroom and his counsel being unable to produce additional evidence on that day (Tuesday) the case was continued and the jury respited until the following Monday. On the continued date, plaintiff took the stand and testified at some length regarding his correspondence and negotiations with defendant company leading up to the rejection of the claim. We will not detail such testimony here since it has no direct bearing on the issues involved on this appeal.

Defendant produced a physician who testified that he had carefully examined the hospital records pertaining to the illness and death of decedent and that in his opinion the cause of death was congestive heart failure brought on by arteriosclerosis; that the fall did not constitute a primary cause of death; that he had never seen a person die of such a fracture of the femur; and that the fact that decedent lived twenty-three days after the fall negatived the theory that the shock incident to the fall was an actual or exciting cause of death.

Defendant moved for an instructed verdict, which motion was overruled. Likewise the trial judge overruled a similar motion made by plaintiff. After the judge had charged the jury, counsel for plaintiff announced that he was satisfied with the charge except for the judge's refusal to charge that defendant's concession as to the $23.32 disability item necessitated, as a matter of law, a verdict for plaintiff for the full amount of death benefits claimed.

■ Appellant argues that the refusal to direct a verdict in his favor constituted error. We think it quite plain however that upon any theory of the case the trial judge was required to overrule plaintiff's motion for a peremptory instruction. In admitting liability for the $23.32 (and in tendering that amount) counsel for the insurance company expressly reserved the right to contest the balance of the claim. Moreover, on the merits of the claim the medical testimony certainly did not conclusively establish plaintiff's contention that decedent's death resulted "from bodily injuries caused solely and exclusively by external, violent and accidental means." Viewed in a light most favorable to plaintiff, at best it presented a jury question.

■ Appellant complains of alleged error in "compelling" a continuance of the case and requiring him to come forward with further proof. As to this the record reveals no error. On the contrary it indicates a co-operative and helpful attitude on the part of the trial judge. It indicates that rather than take the case from the jury on a technical ground, the judge held the case over for almost a week in order that plaintiff might have an opportunity to complete his proof. Far from being an abuse of discretion, this was a considerate and entirely proper exercise of discretion.

■ Appellant also contends that the trial judge permitted defense counsel to argue improper matters to the jury. But no part of the argument is included in the statement of proceedings and evidence, and therefore we cannot attempt to review this alleged error.

Appellant makes the general contention that there was error in the refusal of appellant's motion for a new trial. He does not support the contention by any substantial argument and we find nothing in the record to indicate any impropriety in the ruling on the motion. In this respect, as in the others discussed in appellant's brief and argument, we have found no error.

Affirmed.