**JAMES v. GREENBERG.**

No. 555.

Municipal Court of Appeals for the District of Columbia.

Nov. 6, 1947.

---

[2] Greyvan Lines, Inc. v. Nesmith, D.C. Mun.App., 50 A.2d 434.

[3] Taylor v. Campbell, 123 App.Div. 698, 108 N.Y.S. 399, 401.

728 ·

Carl A. Marshall, of Washington, D. C., for appellant.

Herman Miller, of Washington, D.C., for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CAYTON, Chief Judge.

This was a landlord and tenant case for possession of commercial property. In the caption of the complaint as originally filed the plaintiff's name was given as Moses Goldberg. The complaint was sworn to by H. Miller as agent for plaintiff. On the day of trial the trial court gave leave to amend by inserting the name Maurice A. Greenberg as plaintiff. The amendment was accomplished by inserting the new name in the caption of the complaint, accompanied by the written notation "amended 7-7-47" followed by the judge's initials. The case proceeded to trial and resulted in judgment for plaintiff. Defendant appeals, assigning as error the order of amendment.

The record fails to show that appellant offered any objection to the amendment being made. There is no statement of proceedings and evidence before us, appellant having submitted none to the trial court and having elected to bring the case here on the pleadings alone. Neither from these nor from the rest of the record is it shown that any objection to the amendment was offered in the trial court.

We have repeatedly given warning that an appellant has the burden of showing error;[1] that it is his primary duty to present a record covering the errors alleged and the questions to be argued on appeal;[2] that it must be shown that objections were made timely in the trial court and cannot be made here for the first time;[3] that when this necessitates a statement of proceedings and evidence such must be brought up to this court;[4] and that error cannot be predicated upon that which does not appear in the record.[5]

These warnings seem to have been overlooked in making up the record in this case. Thus we have a charge of error with nothing to support it. Consequently, we have no alternative except to order an affirmance.

Affirmed.

---

[1] Hoover v. Babcock, D.C.Mun.App., 53 A.2d 591; Mitchell v. Ralph D. Cohn, D.C.Mun.App., 52 A.2d 631; Barrett v. Adkins Furniture Co., D.C.Mun.App., 43 A.2d 44.

[2] Craig v. Heil, D.C.Mun.App., 47 A.2d 871; Geiger v. Massachusetts Bonding & Insurance Co., D.C.Mun.App., 47 A.2d 98; Barrett v. Adkins Furniture Co., supra.

[3] Crowder v. Lackey, D.C.Mun.App., 46 A.2d 699; Watwood v. Potomac Chemical Co., D.C.Mun.App., 42 A.2d 728; Collins v. United States, D.C.Mun.App., 41 A.2d 515; Lee v. United States, D.C.Mun.App., 40 A.2d 250; Shapiro v. Vautier, D.C.Mun.App., 36 A.2d 349; District Hauling & Construction Co. v. Argerakis, D.C.Mun.App., 34 A.2d 31; Meyer v. Capitol Transit Co., D.C.Mun.App., 32 A.2d 392.

[4] Moncure v. Curry, D.C.Mun.App., 42 A.2d 143.

[5] Levy v. Bryce, D.C.Mun.App., 46 A.2d 765; Heslop v. Grahame, D.C.Mun.App., 31 A.2d 856.