**JOHNSON et al. v. KUPPER.**

**No. 812.**

Municipal Court of Appeals for the District of Columbia.

Argued June 13, 1949.

Decided June 30, 1949.

John H. Connaughton, Washington, D. C., for appellants.

George A. Glasgow, Washington, D. C., with whom James E. Artis and Wilkes, McGarraghy & Artis, Washington, D. C., were on the brief, for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

HOOD, Associate Judge.

Plaintiff sued defendants, real estate brokers, for three commissions he claimed to have earned while employed by them as a real estate salesman. Defendants filed a counterclaim admitting two of the claimed commissions, denying the third, and setting forth certain claims in their favor against plaintiff. According to the counterclaim there was a balance due defendants. The case was tried to a jury which returned a verdict awarding plaintiff the full amount claimed by him and denying any recovery on the counterclaim.

Defendants rely on three assignments of error. The first error assigned is that the verdict is contrary to the evidence. This is based on the assertion that the counterclaim was fully substantiated by the evidence and was contradicted in no way, and that there was insufficient evidence to support the third item of plaintiff's claim. In effect the argument is that as a matter of law the jury's verdict is not supported by the evidence, for it is conceded that this court cannot weigh conflicting evidence. However, this point was not raised at trial. No motion for a directed verdict was made and no binding instruction requested. Instead the case was submitted to the jury with acquiescence of defendants on the theory that from the evidence the jury could find for the plaintiff in the amount claimed or for the defendants in the amount asserted in their counterclaim. An argument that a verdict is not supported by the evidence raises no question for an appellate court when it brings up for review no ruling by the trial court. As defendants did not object to the case going to the jury or to the instructions under which it was submitted, they cannot now assert that there was no case for the jury's consideration or that the jury should have been instructed otherwise. Concrete Oil Tank Co. v. Menefee, 61 App D.C. 63, 57 F.2d 429; Hecht v. Alfaro, 9 Cir., 10 F.2d 464; Lazelle v. Norfolk & W. Ry. Co., 6 Cir., 73 F.2d 459. This Court has held in accordance with the general rule that one cannot take his chance on a favorable verdict, reserving a right to impeach it if it happens to go the other way. Meyer v. Capital Transit Co., D.C.Mun.

266·

App., 32 A.2d 392. The point now made was raised in the motion for a new trial, but such a motion cannot be used as a vehicle for asserting objections retroactively or for grounding an appeal on a theory not advanced at trial. District Hauling & Construction Co., Inc., v. Argerakis, D. C.Mun.App., 34 A.2d 31. The assignment of error raises no question of law that can be reviewed by this Court.

The second and third assignments are alleged errors in overruling the motion for new trial and entering judgment for plaintiff. These two assignments assume the validity of the first, and appellants concede that their appeal stands or falls on the first assignment. It is therefore unnecessary to discuss the last two assignments of error.

Affirmed.