**Lonnie X. CROSS, Appellant,**

v.

**DISTRICT OF COLUMBIA, Appellee.**

**No. 6140.**

District of Columbia Court of Appeals.

Argued May 16, 1972.

Decided June 30, 1972.

————◆————

Lonnie X. Cross, pro se.

Earl A. Gershenow, Asst. Corp. Counsel, with whom C. Francis Murphy, Corp. Counsel, and Richard W. Barton, Asst. Corp. Counsel, were on the brief, for appellee.

Before FICKLING, GALLAGHER, and REILLY, Associate Judges.

PER CURIAM:

Appellant was convicted in the Traffic Branch of the court on an information charging him with driving in excess of 40 miles an hour on a highway where that rate of speed was the posted limit. He was fined $58 and appealed his conviction to this court, as he had a right to do under D.C.Code 1967, § 11–721(b) (Supp. V, 1972), the amount of the fine being in excess of $50.

On appeal, the judgment of the trial court is assailed on the grounds that (1) no testimony was offered to show that the radar instrument upon whose reading the summons was predicated was in accurate working order at the time or was precisely beamed so as to register the speed of the car, and (2) no signs warning motorists of radar surveillance had been posted. While the latter ground is purely frivolous, the validity of the first contention depends upon the evidence at the trial.

Unfortunately, no transcript of testimony was taken. This, of course, frequently happens in traffic cases. Both sides attempted to remedy this deficiency when this appeal was taken by presenting to the trial judge a "Statement of the Proceedings and Evidence." As the parties could not agree on a summary of the evidence, however, and the trial judge had no independent recollection which enabled him to reconcile the conflicting versions, he certified both "Statements" to this court with the notation that:

> Since this record lacks the usual findings of facts and conclusions of law required of a trial judge, this trial Court has no objection to a retrial of the case if remanded, at which time the findings of fact and conclusions of law will be made of record.

In oral argument before this court, appellant refused to say that the supplemental "Statement" prepared by government trial counsel correctly reflected the testimony of the police officer called by the prosecution and insisted on the version set forth in the

document he had presented to the trial court. Under these circumstances, there is nothing before us which constitutes "the record on appeal" as defined by Rule 10.[1] Accordingly, being unable to pass upon the question raised by appellant, we have no choice but to vacate the judgment and remand the case for a new trial.[2]

In our opinion, these unnecessary proceedings in this court could have been avoided. When the trial court was unable to settle and approve either statement or an amended statement as provided by Rule 10(j), or to obtain from the parties an "agreed statement" under Rule 10(k) in lieu thereof, it should then have set aside the judgment and ordered another trial. Heslop v. Robert A. Grahame, Inc., D.C. Mun.App., 31 A.2d 856 (1942). The trial court had authority to take such action sua sponte or on the motion of either party.

Reversed and remanded.

1. D.C.App.R. 10.

2. That this was the only disposition this court could make was belatedly conceded by appellee's counsel at oral argument.