**Wardell L. WARD, Appellant,**

v.

**Doris A. WEST, Appellee.**

**No. 99–CV–621.**

District of Columbia Court of Appeals.

Argued Feb. 27, 2003.

Decided June 5, 2003.

———

Bernard A. Gray, Sr., Washington, DC, for appellant.

Scott Grogan for appellee.

Before SCHWELB, GLICKMAN and WASHINGTON, Associate Judges.

WASHINGTON, Associate Judge:

In November 1998 Wardell L. Ward, the appellant, filed a complaint against his tenant, Doris A. West, the appellee, for failure to pay rent for the months of September 1998 to November 1998. A bench trial was held on March 5, 1999, and the trial court ordered West to pay $700 for rent owed between September 1998 and March 1999. Ward filed two Motions to Amend the Judgment, arguing that he was entitled to $1300 for the same period. The court denied both motions and Ward appealed the original judgment, as well as

---

the denials of the two motions. Because we find that the trial court erred in concluding that part of the rent requested was outside the scope of the complaint, we reverse.

Appellee, Ms. West, began renting an apartment from appellant in April 1996. Between September 1997 and August 1998, West made several *partial* rental payments instead of the total monthly rental payments. As a result of the partial payments, West had an outstanding balance of $1275 as of August 1998. Between September 1, 1998 and November 24, 1998, West paid $1100 in rent. At that time, her monthly rent was $550. On November 25, 1998, appellant filed a Complaint for Possession of Real Estate against West, claiming that West failed to pay $1225 [1] between September 1, 1998 and November 24, 1998. A bench trial was held on March 5, 1999, and the court ordered West to pay $700 in back rent that was owed between September 1998 and March 1999. Appellant contends on appeal that the court miscalculated the total amount of back rent owed.

The trial court found that the $1225 requested in appellant's complaint was based on the arrearages due as of August 1998. Based on this conclusion the court denied the full amount of appellant's request, holding that appellant was not entitled to any unpaid rent that was due prior to September 1998. The trial court relied on *Novak v. Cox,* 538 A.2d 747, 750 (D.C. 1988), where this court held that "the complaint limited recovery to such monthly rents as fell due in the period set forth in the complaint."

Appellant contends, however, and we agree that *Novak* is distinguishable from the present case. In *Novak* the landlord admitted that the sum claimed by him included "arrearages and late charges for various months preceding [the date specified in the complaint]." In this case, Ward properly applied the payments West made between September and November 1998 ($1100) to the past due arrearages owed as of August 1998. In addition, Ward gave West a credit for $525 that was also applied to the arrearages. Therefore, the $1100 did not reduce the amount West owed for the months specified in the complaint. Hence, Ward was entitled to the full rent due for those months, less any money set off by the credit Ward gave West.

Aside from appellee's reliance on *Novak,* appellee makes no other argument and we can find none to support a conclusion that appellant is not entitled to the full balance of the unpaid rent. Ward has provided his account record indicating when rent was unpaid and how much was unpaid and West has not disputed this record. Therefore, we find no reason why West should not satisfy her entire debt. *Novak,* 538 A.2d at 750 (citing *Crowder v. Lackey,* 46 A.2d 699, 700 (D.C.1946)).

For the foregoing reasons, the trial court's decision is

*Reversed and remanded.*[2]

---

1. In his brief, appellant revised the $1275 figure documented in the complaint to $1225.

2. The trial court should recalculate the amount West owes Ward in a manner consistent with this opinion. In addition to the rental credits given to West by Ward, the trial court may also reduce the amount of arrearages by the rent abatement ordered by the trial court.