YVONNE MAHER *vs.* JOHN F. CONCANNON.

JOHN J. MAHER *vs.* SAME.

EUGENE J. BUSHEE *vs.* SAME.

FLORENCE S. BUSHEE *vs.* SAME.

JULY 6, 1936.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker, and Condon, JJ.

BAKER, J. These actions of trespass on the case for negligence were heard together in the superior court, and at the conclusion of all the evidence the trial justice directed the jury to return a verdict for the defendant in each case. The parties are now before us on the exceptions of the plaintiffs to this action of the trial court, and also to its refusal to permit them to amend their respective declarations after the testimony was concluded. The plaintiffs, Mrs. Maher and Mrs. Bushee, were injured in the accident which is the basis of these suits, and the other plaintiffs are their respective husbands who sue to recover for expenses each claims to have been put to by reason of such accident.

From the testimony, it appears that Mrs. Maher and Mrs. Bushee were passengers in an electric car which was proceeding easterly along Chalkstone avenue at about 4:30 p. m. on May 28, 1931. They were sitting near the front of the car on its right side. At that time the defendant's one-ton laundry truck, with a panel body, was parked near the curb on that street, heading in the same direction in which the electric car was traveling. The truck was standing in front of the home of the defendant's driver, and had been there but a short time before the accident took place. Chalkstone avenue at this point is not level. The evidence shows that the electric car was moving upgrade at a moderate speed when the defendant's truck started to move backward down the grade, following an irregular course, toward the electric car, when it was about thirty feet distant. The car was stopped by its operator and was struck on the right side near the front by the rear of the truck. The first four windows on that side of the car were broken, the back of the truck coming to rest against the

fourth window, and the front being jammed against a pole which stood on the sidewalk near the curb. The testimony tends to show that the truck moved backward some twenty feet before the collision occurred. No evidence was introduced bearing upon the position of the brakes on the truck immediately after the accident. Mrs. Maher and Mrs. Bushee, who had not seen the truck before the impact, and who did not know till afterwards what had happened, were thrown to the floor of the car and cut by broken glass.

Clearly any question concerning contributory negligence on the part of Mrs. Maher or Mrs. Bushee is not raised herein, but negligence by the defendant's driver in the manner in which he parked the truck could reasonably be inferred from the plaintiffs' testimony. The duty, therefore, of going forward with evidence to explain the situation rested upon the defendant. *Henderson* v. *Horner*, 287 Pa. 298. To satisfy this requirement, the defendant's driver testified that when he parked the truck it was close to the curb, and that he shut off the ignition and pulled on the emergency brake. He then went into his house to do an errand and was there only a few minutes when he heard the sound of breaking glass, and went outside to discover the truck and the electric car in the position above described. He further testified that the brakes of the truck had been tested a short time before the accident and were found to be in good condition. It also appeared that no one was near the truck when it began to move backward.

With the testimony substantially as above set out, it is obvious that a question of fact was presented, to be determined in the first instance by a jury, as to whether or not the defendant's driver, when he parked the truck in the way described by him, used the care that an ordinarily prudent man would use under the circumstances then existing. The decision of this question might well involve a consideration, among other things, of the steepness of the grade at the place of the accident, of the advisability of turning a wheel of the truck at an angle against the curb,

of whether or not the truck was left in neutral or in gear, and whether or not it could be or was locked, and kindred matters.

The defendant, however, asked for a directed verdict in his favor on the ground that there was a variance between the declarations and the proof, in that the allegations were that the defendant "operated" the truck in a negligent manner, whereas the evidence showed that no one was in the truck at the time of the accident, and cited to support this contention the case of *Kelly* v. *Davis*, 48 R. I. 94.. The trial justice, evidently feeling bound by the decision in that case granted the defendant's motion.

We are of the opinion that *Kelly* v. *Davis, supra,* and the instant cases are distinguishable, and that this action of the trial justice was erroneous. In the former case this court, after a verdict for the plaintiff, ordered that judgment be entered for the defendant. In that case the declaration was in two counts. The first set out in detail a particular act of negligence by the defendant. The second alleged that he negligently operated, drove and managed his car so that it collided with the plaintiff, the word "managed" not being specifically mentioned by the court. As to these counts the court said: "There was no evidence to support either count of the declaration. Defendant was not operating the car, as alleged in the second count." The facts in that case showed that the defendant left his car in front of his place of business on a slight incline, after shutting off the motor and putting on the brake, and that two hours later it ran down the hill and struck the plaintiff, who was on the further sidewalk of another street, which crossed the foot of the street upon which the car was parked. There was evidence, expressly referred to by the court in its opinion, which strongly tended to prove that boys were playing on or near the automobile at about the time it began to move.

The court in *Kelly* v. *Davis, supra,* in construing the meaning of the words "operate, drive and manage," in

relation to the defendant, in view of the facts of that case, could well hold that the second count was not supported by the testimony, which fairly indicated that, at the time of the happening in question, the car was started and operated by an intervening agency, thus supplanting any previous conduct of the defendant. In our judgment, the court was not finding that every allegation that a defendant "operated" an automobile must necessarily be construed to mean that such automobile was in motion, or that the defendant, personally or by agent, was actually in the machine, engaged in regulating its movement at the time of the occurrence involved.

Such an unequivocal holding is not supported by the weight of authority. In *Commonwealth* v. *Henry*, 229 Mass. 19, the court, in construing a statute providing a penalty for operating an automobile in a public street between certain hours without lights, the facts showing that the automobile in question had been left standing unattended in a highway by the defendant, said at page 22: "The word 'operated' is not, as the defendant contends, limited to a state of motion produced by the mechanism of the car, but includes at least ordinary stops upon the highway, and such stops are to be regarded as fairly incidental to its operation." This meaning given to the word "operate" has been applied by the same court to a tort action for damages between individuals. *Cook* v. *Crowell*, 273 Mass. 356. In *Stroud* v. *Water Commissioners*, 90 Conn. 412, the plaintiff sued to recover for injuries to his automobile which was parked, unattended, against the curbing on a highway in Hartford. The court found that the automobile was being operated on the highways of that state at the time of the accident, but that under a statute no recovery could be had by the plaintiff for any injury it received by reason of such operation, as it appeared that such automobile was not legally registered. In its opinion the court used the following language at page 414: "The word 'operation' cannot be limited, as the plaintiff claims it should be, to a state of

motion controlled by the mechanism of the car. . . . The word 'operation,' therefore, must include such stops as motor-vehicles ordinarily make in the course of their operation." See also *Scheppmann* v. *Swennes*, 172 Minn. 493; *Hanser* v. *Youngs*, 212 Mich. 508.

In the cases at bar the declarations allege that the defendant by his agent negligently operated and controlled the motor vehicle in question. It might well be argued that "controlled" has a somewhat broader meaning than "manage," and therefore, that the declarations in the instant cases can be differentiated from that in *Kelly* v. *Davis, supra.* In any event, applying to the facts in the present cases the general principles of law hereinbefore set out relating to the scope of the term "operate" when applied to a motor vehicle, we are of the opinion that, when the defendant's driver parked the truck on Chalkstone avenue under the circumstances and for the purpose described by him, it continued to be in operation while he was in his house. As it appears from the testimony that no other person or agency intervened to start or regulate the movements of the truck, it was still being operated by the defendant's driver at the time of the collision. In this respect the present cases differ from *Kelly* v. *Davis, supra,* where the evidence clearly tended to show that an intervening agency, in putting in motion the parked automobile, took over from the defendant its operation, thereby breaking the causal connection of the defendant's operation of the vehicle with the accident which followed.

We find, therefore, that in the instant cases, there is no variance between the declarations and the proof submitted in their support. The exception of the plaintiff in each case to the action of the trial justice in directing a verdict therein for the defendant is sustained. It is unnecessary to consider the other exception taken by the plaintiff.

Each case is ordered remitted to the superior court for a new trial.

*John F. Conaty, Joseph H. Coen,* for plaintiffs.
*Edward F. McElroy, William I. Matzner,* for defendant.