**PEAY v. PARKS.**

No. 266.

Municipal Court of Appeals for the District of Columbia.

April 19, 1945.

Otho D. Branson, of Washington, D. C., for appellant.

Philip W. Thomas, of Washington, D. C., for appellee.

Before RICHARDSON, Chief Judge, and CAYTON and HOOD, Associate Judges.

CAYTON, Associate Judge.

The only question on this appeal is whether the trial judge ruled properly in denying a motion for a new trial, after having ordered finding for plaintiff.

The action was for damages in the total sum of $493.75, for improper roofing work at 1425 Montello Avenue, N. E. and on the adjoining house, 1427 Montello Avenue, N. E. Soon after the suit was filed, defendant filed a motion to dismiss. The case was continued from time to time with the consent of both parties. More than four months later when it was called for trial, defendant's attorney withdrew the motion to dismiss and announced that though the defendant was not present and he had been unable to communicate with him he would consent to proceed to trial without him. Testimony was taken and the court found for plaintiff for $149.00.

Defendant filed a motion for new trial, supported by a brief affidavit, on these grounds: "(1) That this defendant was under the belief that the case had been settled. (2) That the defendant has done the work within the last thirty days. (3) That it was agreed between the parties that with respect to 1427 Montello Avenue, N. E., there was no leakage."

We need not recite the familiar and well-established rule that the action of a trial judge on a motion for a new trial is not subject to appellate review unless an abuse of discretion is shown. Franklin v. Chas. C. Schulman Co., D.C.Mun.App., 31 A.2d 871; Carpenter v. District of Columbia, D.C.Mun.App., 32 A.2d 251; Shlopak v. Davison, D.C.Mun.App., 34 A.2d 126.

■ It is somewhat difficult to determine what value to give defendant's contentions on the motion for new trial. He claimed that he was "under the belief that the case had been settled." But neither his motion nor the supporting affidavit disclosed the basis of such belief, or how or when the case had been settled, or upon what terms. If there were any letters, agreements or other writings manifesting a compromise settlement they were not displayed to the court. If it was claimed that the settlement was between the respective attorneys, the record does not show even an unsupported statement of counsel to that effect made to the trial judge.

Equally vague was the defendant's second contention, that he had "done the work within the last thirty days." He did not say what work, or on which house, or to what the "thirty days" had reference. It gave the judge no basis upon which to weigh the new assertion against the evidence which had been presented at the trial.

For the third ground of his motion defendant alleged that it was agreed between the parties that there was no leakage at the 1427 Montello Avenue property. He did not say when the agreement was arrived at, whether he meant there had never been any leakage there, or whether such leakage as had been there had been repaired. He simply contented himself with the vague statement that it was agreed there was no leakage. The affidavit also contains the following sentence: "That the defendant believes that he was lulled into a sense of false security an unfair advantage was taken of his ignorance of this matter." But again no facts are presented in support of the statement.

The record recites that certain of the averments were denied "on behalf of the plaintiff." This is a rather unsatisfactory presentation for us to review. The situation would perhaps be helped if we were told whether the denial was by affidavit or by unsupported statement of counsel. Presumably there was no such affidavit, else it would be in the record. Presumably, also, no testimony was taken on the motion for new trial, else it too would have been included in the record. Nor does the record disclose that defendant offered to produce testimony in support of his motion, other than the skimpy affidavit to which we have referred. And nowhere was there even an attempt to explain why defendant did not appear for the trial.

■ It may be said that the trial judge could on his own motion have required more detailed affidavits, or testimony for and against defendant's contentions. Possibly this would have assisted him to re-examine the evidence taken at the trial in the light of the new allegations. But we cannot say that such a practice must be followed in every case or that failure to follow it necessarily amounts to an abuse of discretion. What we do say is that after a trial on the merits, one seeking to subject an opponent to the trouble, expense, and delay of a new trial must do more than suggest vague grounds to the court. He must present substantial reasons for believing that an injustice has been done and ought to be undone, or that for some other good reason the circumstances entitle him to a second day in court.

Affirmed.