## BARRETT v. ADKINS FURNITURE CO., Inc.
### No. 275.

Municipal Court of Appeals for the District of Columbia.

June 25, 1945.

Rehearing Denied July 9, 1945.

---

William B. O'Connell, of Washington, D. C. (Russell F. Barrett, of Washington, D. C., on the brief), for appellant.

Jack Politz, of Washington, D. C., for appellee.

Before RICHARDSON, Chief Judge, and CAYTON and HOOD, Associate Judges.

PER CURIAM.

On June 9, 1943, appellee sued appellant in detinue for household goods sold upon a conditional bill of sale at Richmond, Virginia, on February 23, 1934. Appellant pleaded the defenses of the statute of limitations and a discharge in bankruptcy. At trial it was shown appellant had abandoned a part of the goods and left the remainder with his former wife. Appellee was awarded judgment for the value of the goods.

The record does not contain the conditional sale contract, does not disclose whether the contract was received in evidence and does not show any of its terms; it does not disclose the purchase price of the goods, payments made on account thereof, or the date of the last payment; it does not show when the bankruptcy proceedings were initiated or the date of the discharge, other than that the latter occurred in 1941; it does not give the dates when appellant abandoned or otherwise disposed of the furniture or show whether such occurred prior or subsequent to the bankruptcy proceedings. The result is that the record on this appeal is so wholly inadequate that it is not possible for this court to give intelligent consideration to the errors claimed and the questions argued. On the record before us, we cannot say there is error in the judgment and consequently it must be affirmed.

This is a most unsatisfactory method of disposing of an appeal, but this court can consider only what is contained in the record (Heslop v. Robert A. Graham, Inc., D.C.Mun.App., 31. A.2d 856); and if the record is not sufficiently adequate to present the questions raised, we cannot review the proceedings. To attempt to do so would result in our considering a case different from that tried below.

We recently dismissed an appeal because the record contained no statement of proceedings and evidence. Moncure v. Curry, D.C.Mun.App., 42 A.2d 143. A plainly incomplete statement is hardly better than none at all. It is the duty of the parties to bring here a record complete and adequate for the purposes of all questions to be argued. Zweig v. Schwartz, D.C. Mun.App., 31 A.2d 857. This duty rests primarily on the appellant who asserts error in the judgment below. Error will not be presumed and must be shown affirmatively by the party asserting it. Morris v. District of Columbia, 75 U.S.App.D.C. 82, 124 F.2d 284. But the appellee also has a duty to see that the record is complete and accurate in order that the judgment in his favor may be sustained. Furthermore, it is the duty of the trial court to aid in the preparation of a complete record. Rule 23(a) of this court requires that the statement of proceedings and evidence shall include such evidence as is necessary to fully

and clearly present the rulings of the trial court in which error is claimed. The primary duty of complying with this rule rests on appellant, but our Rule 24 permits, and inferentially requires, appellee to file such objections and proposed amendments as he considers necessary to make the statement sufficient and accurate. And Rule 25 requires that the statements of proceedings and evidence be submitted to and approved by the trial court. When submitted to the trial court it is its duty "to approve it, if accurate, or, if not, to assist in making it accurately reflect the trial proceedings." Miller v. United States, 317 U.S. 192, 199, 63 S.Ct. 187, 191, 87 L.Ed. 179. The trial court ought not to approve an incomplete or inaccurate statement.

We have gone at some length into this question because too often we are confronted with records obviously incomplete. The statement in the present record is so incomplete as practically to amount to none at all, and compels us to affirm the judgment. We express the hope that in the future both counsel and trial court will see that records sent to this court are both accurate and complete, to the end that an incorrect judgment will not be affirmed and a correct one will not be reversed.

Affirmed.