**LEVY v. BRYCE.**

No. 358.

Municipal Court of Appeals for the District of Columbia.

Argued April 8, 1946.

Decided May 2, 1946.
Rehearing Denied May 29, 1946.

S. L. Levy pro se.

Elmer E. Cummins, of Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CAYTON, Chief Judge.

Appellant was sued in the Landlord and Tenant Branch of the Municipal Court for possession of a room in a rooming house on the ground that he was committing a nuisance. The verdict of the jury and the judgment of the court were against him and he brings this appeal.

Appellant first complains of improper admission of evidence. The evidence for plaintiff bearing on the charge of nuisance was that tenant many times appeared in the common hall in his underwear shorts; that on one occasion when he held a newspaper in front of him it appeared that he was unclothed; that plaintiff many times remonstrated with him for leaving the door of the bathroom open while he was in it; that she once found some foodstuffs in the toilet; that she several times saw defendant taking bags of groceries to his

room; that on many occasions when defendant heard plaintiff's daughter coming up the stairs he would open the door slightly, peep out at her and then slam the door; that other tenants were disturbed by defendant and as a result of his conduct a married couple who had occupied a room adjacent to his moved from the house; that a girl who had previously occupied the room next to his (under a former landlord) had moved because he yelled, "I did not kill him"; that the tenant occupying an adjoining room would move out if defendant was permitted to remain. Defendant contends that all or most of this testimony was improperly admitted.

In District of Columbia v. Totten, 55 App.D.C. 312, 5 F.2d 374, 380, 40 A.L.R. 1461, the Court defined nuisance as "anything that works or causes injury, damage, hurt, inconvenience, annoyance, or discomfort to one in the legitimate enjoyment of his reasonable rights of person or property." And actionable nuisance was defined in Baltimore & P. R. Co. v. Fifth Baptist Church, 108 U.S. 317, 2 S.Ct. 719, 27 L.Ed. 739, as that which renders the ordinary use and occupation by a person of his property uncomfortable to him. It is clear under these decisions that the testimony concerning plaintiff's behavior was admissible to prove the charge that he was committing a nuisance.

Defendant also charges error in the exclusion of an alleged written agreement which he says would have established that he was a tenant by the month and therefore entitled to a notice to quit expiring on the day of the month from which the tenancy commenced to run, instead of the thirty-day notice given him as a tenant at sufferance. But the record fails to indicate that such an agreement was ever offered in evidence. No error can therefore be predicated upon this alleged ruling.

Defendant further charges that plaintiff's attorney in addressing the jury used certain inflammatory language. In his brief he makes reference to such alleged remarks, but we find no such remarks in the record and nothing to support the charge of error.

He also complains of the judge's charge to the jury. As a result of a preliminary motion made by appellant at an earlier stage of this appeal, and in order to be able to pass upon this alleged error, we required the trial judge to certify in a supplemental record the substance of the charge to the jury. We have carefully studied the charge as set out in such supplemental record and are satisfied that the judge clearly stated the applicable law, including specifically the law as to what constitutes a nuisance.

Appellant complains that the charge as certified does not correctly state what the judge really told the jury. He also complains that the statement of proceedings and evidence filed by the trial judge is incomplete, inaccurate, and improperly settled, and does not correctly narrate what transpired at the trial.

It is well settled that we must accept the record as it comes to us. We cannot attempt to exercise the functions of the trial judge or reconstruct the happenings at the trial. We see no inconsistencies or obvious inadequacies or omissions in the statement certified to us. Therefore, our duty seems plain to accept the statement as certified by the trial judge. Marvin's Credit v. Hall, 76 U.S.App.D.C. 95, 129 F.2d 57.

We have no power to say that the record is wrong or to correct inaccuracies if there were any. We cannot decide disagreements between court and counsel as to what happened at the trial, but must generally accept as correct the statement of proceedings and evidence as settled and approved by the trial judge. District Hauling & Construction Co. v. Argerakis, D.C. Mun.App., 34 A.2d 31; see also Heslop v. Grahame, D.C.Mun.App., 31 A.2d 856; Zweig v. Schwartz, D.C.Mun.App., 31 A.2d 857; Barrett v. Adkins Furniture Co., D. C.Mun.App., 43 A.2d 44.

Finally we examine appellant's contention that it was an abuse of discretion to refuse his motion for a new trial. In part that motion was based upon allegedly newly discovered evidence. But the record is completely devoid of anything indicating

that there was such evidence or that it met any of the familiar tests which would entitle him to a new trial on such grounds. See Carpenter v. District of Columbia, D. C.MunApp., 32 A.2d 251; Peay v. Parks, D.C.Mun.App., 42 A.2d 250.

From a close study of the record and briefs we are satisfied there was no error in the case.

Affirmed.