## SMITH v. DISTRICT OF COLUMBIA.

### No. 882.

Municipal Court of Appeals for the District of Columbia.

Argued Feb. 6, 1950.

Decided March 3, 1950.

Ward E. Boote, Washington, D. C., for appellant.

Edward A. Beard, Assistant Corporation Counsel, Washington, D. C., with whom Vernon E. West, Corporation Counsel, and Chester H. Gray, Principal Assistant Corporation Counsel, Washington, D. C., were on the brief, for appellee.

Before CAYTON, Chief Judge, and HOOD, and CLAGETT, Associate Judges.

CAYTON, Chief Judge.

This case is here in the form of an appeal we granted on application,[1] to review defendant's conviction on a charge of operating an automobile without identification tags.[2] From an amended statement of

1. Code 1940, Supp. VII, 11—772.

2. Code 1940, 40—102(a) prohibits the operation of unregistered vehicles.

Code 1940, 40—104(a) requires that automobiles have identification tags attached.

proceedings and evidence approved by the trial judge, and from other sources in the record, we gather that the facts of the case were substantially as follows:

About 2:00 a. m. on the date of the offense charged, a police officer named Krogman saw two men (defendant admittedly being one of them) pushing by hand an automobile on which there were no license plates along Park Road near 18th Street, N.W. Suspecting that the car was a stolen one, he questioned the two men. A police squad car came upon the scene and officer Krogman explained the situation to officer Yeatman and another officer in that car, "turned the situation over to them," and left. Krogman, who was the arresting officer, was not permitted to testify to any subsequent events, and Yeatman was not permitted to give any testimony "on the ground that he was not present when the car was pushed."

Then the record recites that defense counsel raised the point "that pushing an automobile was not the same as operating the same within the meaning of the regulations." The court requested both sides to submit briefs on this point, and this was done.

Though the judge's amended statement of proceedings and evidence recites that "no motion for directed verdict of acquittal was made on behalf of defendant," the brief filed with the trial judge and which is included in the record before us directly challenged the sufficiency of the government's case, asserting at the outset "that neither upon the law nor the facts has he violated any provision of law" and concluding his seven-page discussion of the law and facts as follows: "The defendant accordingly is not guilty of any offense as charged."

The record does not reveal what action the trial court took with reference to the arguments advanced in defendant's brief, and the amended statement of proceedings recites only that defendant took the stand and: "testified in some detail concerning his business of the evening in question and corroborated in its essentials Officer Krogman's testimony. Then the defendant testified that the officers ordered him to drive his car without tags to the Precinct. He testified that he had some trouble getting the car started but once it started, instead of driving to the Precinct, as ordered, he drove it into the garage behind his house."

The trial judge took the case under advisement and later pronounced defendant guilty. He recites in the amended statement of proceedings that he "found as a fact that the defendant, when he departed from the officers' directions, was guilty of the offense charged." In the statement of proceedings itself there is no evidence concerning this.[3] He based it on a statement in defendant's brief submitted below to the effect that "When he [the defendant] found that it [the car without tags] was on the highway, he took the only reasonable course open to him; namely, to return the vehicle to its garage." But just preceding that statement were these two sentences: "Defendant did not knowingly permit the vehicle to reach the highway. He was not in control of the car." Also earlier in the same brief was a fuller explanation of what had happened. Defendant contended that his car had been in his garage with a dead battery; that in order to demonstrate it to a friend who had in mind buy-

Code 1940, 40—603(a) authorizes the District Commissioners to make regulations relating to traffic and the registration of motor vehicles. Pursuant to this authority, the Commissioners adopted Section 32 of the Motor Vehicle and Title Registration Regulations which requires that valid and current identification tags be displayed on the front and rear of vehicles required to be registered. It is this regulation which governs the case at bar.

3. Also not appearing in the statement but recited in the supplemental application for appeal is the fact that the officers themselves pushed defendant's car with their scout car to get it started, and that then defendant drove it to his garage instead of to the precinct. This is apparently what the judge was referring to when he said that defendant "departed from the officers' directions."

ing it and "desired to hear the sound of the motor," they rolled the car from the garage and defendant, using his other car, sought to spin the motor by a push; that contrary to defendant's instructions that the car was not to be driven away, the friend, who was at the wheel of the car, permitted the momentum to carry it out of the alley a very short distance on Park Road where it came to a stop. Seeing that his instructions had not been followed, defendant directed that the car be immediately returned to the garage. To do this, they had to push it by hand and the two men were engaged in this effort when officer Krogman came upon the scene and made the arrest.

It is not clear how much of this was actually testified to. But it appears from a supplementary record certified to us by the trial judge (following an order we issued in an effort to settle certain complaints by appellant's counsel as to the statement of proceedings) that the judge refused the request of defense counsel "to include in the record a detailed repetition of what the defendant testified to." Some of the reasons he gave for such refusal were that defendant's testimony, even if true, had no bearing on the material issues; that he took judicial notice of the fact that it was not normal conduct to push a vehicle without tags on the streets at 2:00 a. m.; that he was unable to credit defendant's testimony about his having met a friend in a restaurant and the events which followed; that the friend had not been called as a witness; that "disregarding the self-serving nature of this hearsay evidence" he had a right to consider whether it was in defendant's power to produce more satisfactory evidence than he did; that he was empowered "to view with distrust this weak and unsatisfactory evidence," and that "the only fact testified to by the defendant which can be credited is the fact that he was driving an automobile in the District of Columbia without tags;" and

finally that he would not "introduce into the record on appeal irrelevant material tending to prove that this young defendant with a hitherto unblemished record did not tell the truth."

None of these were valid reasons for refusing to include defendant's testimony in the statement of evidence. Defendant was entitled to have the substance of his evidence (instead of a highly contracted, uninformative summary thereof) included in the narrative statement, in order to present a full, accurate and fair picture for our review. In making up such a statement, it is the right of an appellant—indeed of both parties—to have included all evidence having any material bearing on the issues on appeal. Only in that way can the parties obtain a comprehensive and understanding consideration of their rights on appeal. Such rights would be seriously endangered if trial judges could edit the evidence (or as counsel says, "censor" it), consider which was weak or strong, credible or otherwise, and assume the right to include or exclude from a statement on appeal evidence which they might regard as weak or unsatisfactory or unworthy of belief, or which for some similar reason they might feel ought to be withheld from the reviewing court.

Ordinarily, as we have had occasion to rule, we must accept as correct a statement properly settled and approved by a trial judge, and we cannot undertake to settle disputes between court and counsel as to what happened below.[4] But here there are inadequacies and inconsistencies plainly apparent in the transcript.[5] Here the judge himself has acknowledged on the record that he has deleted substantial portions of defendant's evidence from the narrative statement—important evidence which constituted his real defense to the charge against him.

On the merits of the case, defendant is entitled to a reversal. We need not decide whether pushing an automobile by hand

4. District Hauling & Construction Co. v. Argerakis, D.C.Mun.App., 34 A.2d 31.

5. See Marvin's Credit v. Hall, 76 U.S.App. D.C. 95, 129 F.2d 57; Levy v. Bryce, D. C.Mun.App., 46 A.2d 765.

amounts to "operation" within the meaning of the governing regulation cited above. The question has never been decided in this jurisdiction, but elsewhere there are cases from which it can be argued that the government's position is correct,[6] while others lend support to defendant's contentions.[7]

The basic error in the case was in convicting the defendant of an offense for which he was not arrested or charged. Any pushing of the car took place on Park Road; it was for that act that officer Krogman made the arrest before he left the scene, and it was that place which was laid in the information. We are aware that great strictness should not be employed in construing informations in traffic cases, but it is nevertheless the law that an information must state an offense.[8]

It would not be proper to hold that the government could charge that an offense took place on Park Road and then prove a subsequent offense, different in character, on 18th Street. This would be an unreasonable enlargement or expansion of the allegation. One of the essential elements the government was required to prove was that the offense took place upon a public highway. The District did not allege the offense in such general words, but specifically laid the offense "on Park Road." This was no mere surplusage; it was a specific charge, specifically recited. If that specific allegation were deleted, there would be no offense charged.

"Where there is an allegation which describes, defines, qualifies, or limits a matter material to be charged, it is taken as a descriptive averment, and the general rule obtains that it must be proved as laid, even though such particularity of description is unnecessary."[9]

The purpose of an information is to inform the accused of the precise charge against him and give him an opportunity to prepare and present his defense to that charge.[10] This defendant, being charged only with an offense on Park Road, had no inkling of his prospective jeopardy on account of another happening of a quite different nature at a place away from Park Road.

From all that appears before us, the conclusion is inescapable that the defendant was found guilty not because he was pushing or "operating" an automobile on Park Road, but because he later took the car from another location to his garage, instead of to the police precinct as instructed by the officers. The conviction cannot stand.

The government contends that because the fine was suspended there is no final sentence from which an appeal may be taken. A few days ago, in Ziegler v. D. C., 1950, 71 A.2d 618, we agreed with the District that the suspension of the execution of sentence was beyond the authority of the court and was void and of no effect. But we did not agree that there was no appealable judgment, and we held that the unauthorized suspension of execution of sentence did not take away appellant's right of appeal, and that because the court had the power to impose sentence, the void suspension did not void the sentence.

Reversed.

6. State v. District Court of Sixth Judicial Dist., 112 Mont. 253, 114 P.2d 1047; State v. Ray, 133 A. 486, 4 N.J.Misc. 493; People v. Domagala, 123 Misc. 757, 206 N.Y.S. 288; Taylor v. Silver King Oil & Gas Co., Mo.App., 203 S.W.2d 147; Maher v. Concannon, 56 R.I. 395, 185 A. 907; Commonwealth v. Uski, 263 Mass. 22, 160 N.E. 305; Crofoot v. Rozewski, 310 Mass. 824, 38 N.E.2d 217.

7. Norcross v. B. L. Roberts Co., 239 Mass. 596, 132 N.E. 399; Dewhirst v. Connecticut Co., 96 Conn. 389, 114 A. 100; Ricciardi v. McMahon, 163 Misc. 659, 299 N.Y.S. 440; Wolcott v. Renault Selling Branch, Inc., 175 App.Div. 858, 162 N.Y. S. 496.

8. State v. Hass, Mo.App., 82 S.W.2d 621; 61 C.J.S., Motor Vehicles, § 638(a).

9. Wharton's Criminal Evidence, 11th Ed. § 1090, citing United States v. Howard, C.C., Fed.Cas.No.15,403, 3 Sumn. 12; United States v. Brown, Fed.Cas.No. 14,666, 3 McLean, 233.

10. 42 C.J.S., Indictments and Informations, § 11.