**EDMONSTON v. STANLEY.**

No. 964.

Municipal Court of Appeals for the District of Columbia.

Argued Oct. 30, 1950.

Decided Nov. 21, 1950.

---

Kay Edmonston, pro se.

William Stanley, pro se.

1. Rules 19(a), 24, 27(g) and 27(i); Barrett v. Adkins Furniture Co., D.C.Mun. App., 43 A.2d 44; Zweig v. Schwartz, D.C.Mun.App., 31 A.2d 857.

2. Rule 27(j); Barrett v. Adkins Furniture Co., supra; Heslop v. Robert A. Grahame, Inc., D.C.Mun.App., 31 A.2d 856.

Before CAYTON, C. J., and HOOD and CLAGETT, JJ.

PER CURIAM.

This is an appeal from a judgment awarding appellee $500.00 for attorney's fees. One of the errors assigned is that the trial judge approved appellee's revised counterstatement of proceedings and evidence without hearing appellant's objections thereto.

As disclosed by the record and by counsel at the oral argument, it appears that after noting an appeal appellant filed a statement of proceedings and evidence listing 155 items to be included. On August 19, 1950, appellee filed a counterstatement. Upon suggestion of the court, the two parties held a conference on August 25, 1950, at which time the appellee agreed to 127 of appellant's items and accepted 12 others with slight revision. Failing to reach complete agreement, appellee then filed his own revised counterstatement on August 28, 1950. At this point, without attempting to settle the remaining disputed items, the trial judge accepted and approved appellee's statement as correct. The date of this approval was August 31, 1950.

We think the procedure followed by the lower court was violative of the spirit and purpose of the rules governing appeals to this court. Our rules contemplate that in preparing a statement of proceedings and evidence both parties be given an opportunity to assist in its preparation.[1] Often there is disagreement as to what actually occurred at the trial. When this occurs, it is the function of the trial judge to confer with the parties and settle the dispute.[2] This is a highly important function for we can not decide disagreements between counsel as to occurrences at trial, but must accept as conclusive a statement of proceedings and evidence properly settled and approved.[3]

3. Smith v. District of Columbia, D.C.Mun. App., 71 A.2d 766; Levy v. Bryce, D.C. Mun.App., 46 A.2d 765; Franklin v. Chas. C. Schulman Co., Inc., D.C.Mun. App.; 31 A.2d 871; see also Marvin's Credit v. Hall, 76 U.S.App.D.C. 95, 129 F.2d 57.

If it was the intention of the trial judge that counsel for the appellee should prepare this revised counterstatement so that some semblance of order should evolve out of the dispute, it was still error, under the circumstances, to approve such statement without, at least, hearing the objections of the appellant, or submitting to appellant the statement proposed to be signed in order to learn her objections to it.[4] Fair play demands that appellant be given an opportunity to be heard and voice her objections.

This case is therefore remanded to the trial court to hear objections and settle any differences as to what occurred at the trial, and to send to this court a statement of proceedings and evidence properly settled and approved.

Remanded for further proceedings in accordance with this opinion.

4. Franklin v. Chas C. Schulman Co., Inc., supra.