## EDMONSTON v. STANLEY.
### No. 964.

Municipal Court of Appeals for the District of Columbia.

Argued Feb. 5, 1951.

Decided Feb. 26, 1951.

Kay Edmonston, pro se.

William Stanley, Washington, D. C., pro se.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

PER CURIAM.

This was a suit claiming $722.85 for attorney's fees and expenses. Defendant filed a counterclaim for the alleged unlawful withholding of her automobile. The trial court awarded plaintiff $500 and defendant appealed. One of the errors she assigned was that the trial judge had approved a revised statement of proceedings and evidence submitted by appellee without giving her an opportunity to object thereto. We held that the trial judge had erroneously and in violation of our rules approved the statement of proceedings without first giving appellant an opportunity to see it and voice her objections thereto. Accordingly we remanded the case to the trial court "to hear objections and settle any differences as to what occurred at the trial, and to send to this court a statement of proceedings and evidence properly settled and approved." Edmonston v. Stanley, D.C.Mun.App., 76 A.2d 778, 780. Complying with our instructions the trial judge has certified to us that he conducted a hearing in open court on the objections to the statement of proceedings and gave both parties a full opportunity to present their statements. After considering the objections he has recertified the original statement, together with a new statement of proceedings, nine pages in length and amending or supplementing the earlier statement in more than 80 particulars. Thereafter additional briefs were filed in this court by both parties and the appeal has been reargued.

One of defendant's contentions is that there was a failure of performance on

the part of plaintiff. She asserts that he did not properly represent her and in fact worked against her interests in connection with certain proceedings involving the question of her sanity. But the record contains ample evidence from which the trial judge could have found that plaintiff had rendered extensive and faithful services over a two months' period and was entitled to be compensated. Naturally we do not discuss the details of the testimony with all its contradictions and denials. It is sufficient to say as we do that the finding had full support in the evidence.

Another argument made by appellant is that there was no valid contract between the parties because the attorney himself said he thought her to be of unsound mind. This argument may be answered by pointing out that appellant was in fact adjudged of sound mind and hence there was no impairment of her ability to enter into a contract with her attorney. Moreover it is plain from her own testimony that she did contract with him, and gave him a check for $500 marked "hold until sufficient funds deposited." It is true that she later discharged him, as she had a right to do, but we cannot disturb the finding of the trial court, supported as it was by substantial evidence, that the amount awarded represented the fair value of the services rendered by plaintiff prior to his discharge.

Next appellant argues that the trial court should have awarded damages on her counterclaim for the unlawful conversion of her automobile by the plaintiff. As to plaintiff's claim that she gave him a lien on the automobile, she repeats her contention that she was incapable of entering into a contract and hence could have given no valid lien on her automobile. But what we have said above disposes of this contention.

There was evidence from which the trial court could properly have found that defendant turned the automobile over to plaintiff as security for the payment of his fee and asked him to drive it in order to prevent deterioration, and that after she was released the attorney offered to surrender the automobile to her upon payment of his fee. We cannot say that the trial court erred in accepting this testimony, contradicted though it was, or in believing as it apparently did that there had been no conversion and no damage attributable to plaintiff.

Finally appellant repeats the argument she made on her first appeal to the effect that her rights have been prejudiced by the failure of the trial judge to give her notice and an opportunity to be heard in connection with the approval of appellee's statement of proceedings. On the earlier appeal we ruled with her on that proposition and the error has, as we have seen, been fully corrected by the supplemental statement of proceedings certified by the trial judge in compliance with our instructions. Appellant's rights in this respect have now been amply protected.

Affirmed.