**Harold E. YOUNG, Appellant,**

v.

**Russell TUNE, Nannie Tune, James Barza and State Farm Mutual Automobile Insurance Company, Appellees.**

**No. 2751.**

Municipal Court of Appeals for the District of Columbia.

Argued May 29, 1961.

Decided July 11, 1961.

Alvin L. Newmyer, Jr., Washington, D. C., for appellant.

Austin F. Canfield, Jr., Washington, D. C., for appellees Tune. Samuel W. McCart, Washington, D. C., also entered appearance for appellees Tune.

John F. Gionfriddo, Washington, D. C., for appellees Barza and State Farm Mut. Auto. Ins. Co.

Before HOOD and QUINN, Associate Judges, and CAYTON (Chief Judge, Retired) sitting by designation under Code, § 11–776(b).

QUINN, Associate Judge.

This suit arose from an automobile collision at a street intersection. According to the uncontradicted evidence, appellee Barza had stopped his automobile preparatory to making a left turn when a collision occurred at the rear of his car between the vehicles of appellee Tune and appellant Young. As a result of this collision, the Tune vehicle struck the Barza vehicle in the rear.

Tune filed suit against Young, and Young brought a third-party action against Barza for contribution. He also made a claim against Barza for personal injuries and property damages. Barza counter-claimed against both Tune and Young for property damage, and State Farm Mutual Automobile Insurance Company was permitted to intervene for its subrogated interest in the property damage to the Barza vehicle. The case was tried to the court without a jury and resulted in a judgment for Barza and the insurance company.

The several errors alleged on this appeal concern (1) the question of damages; (2) whether the court abused its discretion in allowing the insurance company to intervene after the case had commenced, and (3) whether the court erred in allowing attorney's fees and expenses to Barza who, as a nonresident, was required to come into the District to defend the suit.

Before we reach the various contentions of the parties, we are faced with the question of the sufficiency of the evidence set forth in the statement of proceedings and evidence submitted by the trial court.

■ During oral argument counsel for all the parties agreed that the statement of proceedings and evidence was insufficient for this court to make a determination of the questions raised. We agree. As we view it, the statement of proceedings and evidence before us is not a narrative of the trial proceedings; it is really a rebuttal of the errors alleged by appellant.

■ Our rules concerning the preparation of the statement of proceedings and evidence are very explicit. Rule 23 requires that the statement include all evidence having any material bearing on the issues on appeal;[1] Rule 24 permits any party to file such proposed amendments as he considers necessary to make the statement sufficient and accurate; and Rule 25 requires that it be submitted to and approved by the trial court. It is the duty of the trier to approve the statement if accurate, or, if not, to assist in making it accurately reflect the trial proceedings.[2]

1. Smith v. District of Columbia, D.C.Mun. App.1950, 71 A.2d 736.

2. Barrett v. Adkins Furniture Co., D.C. Mun.App.1945, 43 A.2d 44.

Our rules contemplate that all parties be given an opportunity to assist in the preparation of the statement, and should there be any disagreement, it is the function of the trial judge to confer with the parties and settle the dispute.[3]

In this case, the trial court did not settle the statement but instead prepared and signed it and forwarded it to counsel. From the record we cannot say whether there was any prior consultation with counsel. We believe the statement is inadequate, and in view of the circumstances of this case, we feel that a new trial should be granted.

It is so ordered.

3. Edmonston v. Stanley, D.C.Mun.App. 1950, 76 A.2d 778.